THE STATE, DEFENDANT IN ERROR, v. LOUIS FIORE AND CIRO MATARAZZO, PLAINTIFFS IN ERROR.

Submitted March 22, 1920—Decided June 14, 1920.

1. To justify the admission of a photograph in evidence, it is only necessary that in addition to being relevant it be testified to by a witness having personal visual knowledge of the object depicted as being a correct representation of such object.

2. A photograph of the body of a man alleged to have been murdered is not "too remote" because made at or after an autopsy to determine the cause of death, so long as it purports to show aspects of the body that are relevant to the case.

3. A court is justified in excluding manslaughter from the considera-
tion of the jury in a homicide case when the undisputed evi-
dence shows that defendant, believing deceased to be armed,
armed himself with a deadly weapon in the form of a length of
lead pipe and followed up and accosted deceased, when the latter
was alone and peacefully going to his home, defendant knowing
or believing that a combat was likely to result; and struck de-
ceased on the head with the pipe, causing fatal injury, as deceased was reaching for his own weapon.

---

On error to the Supreme Court, whose opinion is reported
in 93 *N. J. L.* 362.

For the state, *Pierre P. Garven,* prosecutor of the pleas.

For the plaintiffs in error, *J. Victor D'Aloia* and *Carl Abruzzese.*

The opinion of the court was delivered by

PARKER, J. The defendants below, together with one
Devlin, were convicted of murder in the second degree. The
general circumstances of the crime are stated in the opinion
of the Supreme Court and need not be here repeated.

The points pressed here are the same dealt with by the
Supreme Court, viz., the admission of a photograph of the
body of the deceased; and alleged error in excluding man-
slaughter from the consideration of the jury.

With respect to the photograph, we agree with counsel for
plaintiffs in error that its admission cannot be justified for
the first reason given by the Supreme Court, which was that
the defence, in effect, utilized or treated it as evidence and
could not then be heard in objection to it. This reasoning is
not supported by the testimony before us. But the photo-
graph was competent evidence. It was admitted only after
the county physician, who had made an autopsy on the body,
had testified that he recognized the picture as a photograph
of the body examined by him, and which was concededly that
of the slain man. Dr. Joyce, who had attended him after the
injury and until he died, also testified to the correctness of

the picture, especially as showing the injuries to the head which caused death. This was a full compliance with the rule declared in the Supreme Court case of *Goldsboro* v. *Central Railroad Co.,* 60 *N. J. L.* 49. See *Wigm. Ev.,* §§ 793, 794. In fact, the only objection made was that the photograph, and the conditions under which it was taken, were too remote from the day of the alleged occurrence, being after the autopsy. That question was mainly, if not entirely, one of discretion of the trial court, and, as the attempt was to show the character of the injuries, there cannot be any doubt that such discretion was properly exercised.

On the other point, the elimination of manslaughter from the consideration of the jury, we agree substantially with the views of the Supreme Court. Upon the evidence there could be no room for a verdict of involuntary manslaughter, for Devlin's blow with the piece of lead pipe, upon the head of deceased, was unquestionably intentional and not an act of carelessness. We cannot see how the killing could have been voluntary manslaughter. It was done with a weapon properly characterized by the trial judge as deadly and whose use implied malice. There is nothing to show that the pipe was used in the heat of passion engendered by any physical provocation by the deceased. He, the deceased, was going peacefully to his home and was followed thither by the three defendants. They had been warned, they claimed, that deceased had "a gun," meaning a revolver, or pistol, and so the lead pipe was provided for use if the deceased showed fight when accosted. Devlin, who used the pipe, was not drawn into any affray with the deceased, nor did he get into one by any accident. He voluntarily created a situation which he says he knew or believed was fraught with danger to himself. All that was required for his own safety was to let the deceased pursue his way unmolested. Under circumstances like these, the alleged act of deceased in reaching for what is alleged to have been a firearm does not amount to legal provocation that will support a theory of voluntary manslaughter; even assuming, for present purposes, that such a threatening act would, under any circumstances, suffice as provocation. Consequently, the

trial court was, under the authorities cited in the Supreme Court, correct in instructing the jury that manslaughter could not be deduced from any theory of the case inferable from the evidence.

. The judgment will be affirmed.

*For affirmance*—SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 11.

*For reversal*—None.